UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEACE TABERNACLE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2363 |
| | § | |
| NATIONWIDE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court is the plaintiff's, Peace Tabernacle, motion to remand (Docket Entry No. 12). The defendant, Nationwide Property & Casualty Insurance Company, filed a response in opposition (Docket Entry No. 18). After having carefully considered the motion, the response and the applicable law, the Court determines that the plaintiff's motion should be **DENIED**.

### II.  FACTUAL BACKGROUND

The defendant issued the plaintiff a property insurance policy that was in effect during the relevant time period, covering the plaintiff's property in Baytown, Texas. On May 29, 2010, the plaintiff filed its Original Petition in the 269th Judicial District of Harris County, Texas against the defendant, seeking damages arising out of the defendant's failure to compensate it under the policy. On July 2, 2010, the defendant filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, timely removing the action to this Court on the basis of diversity of citizenship. The parties do not dispute that the plaintiff, a non-profit organization residing in Harris County, Texas, is a citizen of Texas. Nor do the parties dispute that the defendant is an

insurance company incorporated under Ohio law, with its principal place of business in Ohio. Nevertheless, on August 11, 2010, the plaintiff filed its motion to remand, objecting to the defendant's removal on the basis of diversity of citizenship.

### III. CONTENTIONS OF THE PARTIES

#### A. The Plaintiff's Contentions

The plaintiff alleges that Hurricane Ike damaged its property in Baytown, Texas on September 12, 2008. The plaintiff claims that it asked the defendant to cover the repair costs pursuant to the policy, but that the defendant refused to pay the policy's full proceeds to sufficiently cover repairs. The plaintiff also alleges that during the adjustment of the claim the defendant misrepresented that the property was not covered under the policy and did not attempt to fairly settle the plaintiff's claim. It further avers that the defendant did not explain its failure to adequately settle the plaintiff's claim and that it failed to timely affirm or deny coverage. Finally, it alleges that the defendant's claim investigation was unreasonable because it was outcome-oriented, resulting in a biased and unfair evaluation of the plaintiff's losses.

The plaintiff brings claims against the defendant for fraud, breach of contract, breach of the duty of good faith and fair dealing, and noncompliance with various portions of the Unfair Settlement Practices and Prompt Payment of Claims sections of the Texas Insurance Code. TEX. INS. CODE ANN. §§ 541, 542. While not setting forth the specific amount of damages in its petition, the plaintiff seeks damages resulting from the defendant's acts and/or omissions, including compensatory damages, eighteen percent annual interest, trebled exemplary damages, emotional distress damages, mental anguish damages, economic hardship damages, statutory penalties any, losses due to nonpayment, attorney's fees and court costs.

Concerning its motion for remand, the plaintiff asserts that removal was improper because complete diversity of citizenship between the parties is lacking. The plaintiff contends that, as an insurance company, the defendant's citizenship is determined by the "direct action" provision of 28 U.S.C. § 1332(c)(1), such that it is a citizen of the state of the person it insures, its state of incorporation and its principal place of business. Consequently, because the plaintiff is a citizen of Texas and is insured by the defendant, the plaintiff argues that the defendant is a citizen of both Texas and Ohio. Hence, because both the plaintiff and the defendant are citizens of Texas, the plaintiff argues that the complete diversity requirement is not satisfied and that this case should be remanded.

### B.      The Defendant's Contentions

The defendant contends that the "direct action" provision of 28 U.S.C. § 1332(c)(1) does not apply in this case. It argues that the "direct action" provision applies only to "direct actions" against liability insurers, in which an injured plaintiff directly sues a tortfeasor's insurance company in place of an alleged tortfeasor. It asserts that the "direct action" provision does not apply when a policyholder sues its own insurer over a dispute in coverage available under the policy. Consequently, the defendant argues that its Ohio citizenship satisfies the complete diversity requirement, and the Court should deny the plaintiff's motion to remand.

## IV.     STANDARD OF REVIEW

The applicable statute provides two grounds for remand: (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127-28 (1995). A court may remand a case for lack of subject matter jurisdiction at any time before final judgment, with or without a motion. *See*,

28 U.S.C. § 1447(c).  Here, the essential inquiry is whether removal of the state court action on the basis of diversity of citizenship was proper in light of the facts presented.

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from state court to federal court only if the action is one over which the federal court has original jurisdiction.  *See*, 28 U.S.C. 1441(a).  Because federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims.  *See*, *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  Thus, federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists.  28 U.S.C. § § 1331, 1332.

"It is well-established that the diversity statute requires 'complete diversity' of citizenship:  A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).  In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of nominal or formal parties who have no real interest in the dispute.  *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, (1980)**.**  The test for determining "[w]hether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ."  *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 366-67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (other internal

quotations omitted).  Stated another way, "the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.'"  *Union Oil Co. of California*, 458 F.3d at 367 (quoting *Tri-Cities*, *Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) (internal citations omitted).  Nonetheless, the burden of establishing that removal was proper and that federal jurisdiction exist rests with the removing party.  *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989).

## V. ANALYSIS & DISCUSSION

At issue is whether the Court has subject matter jurisdiction based upon complete diversity of citizenship between the parties.  Federal law determines a party's citizenship for the purposes of diversity jurisdiction.  *See*, *Horton v. Bank One, N.A.*, 387 F.3d 426, 435 (5th Cir. 2004).  Likewise, "[f]ederal law governs the construction of removal statutes."  *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972)).  Similarly, courts employ federal law to determine whether a given action is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1).  *See, e.g., Crescent City Pediatrics v. Bankers Ins. Co.*, 459 F. Supp. 2d 510, 512 (E.D. La. 2006).  Thus, the Court will apply federal law to this dispute.

The "direct action" provision of 28 U.S.C. § 1332(c)(1) states:

(c) For the purposes of this section and section 1441 of this title –
>  (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added). Having reviewed the plain language of the statute and the relevant case law interpreting the direct action provision, the Court concludes that the "direct action" provision does not apply to the plaintiff's suit to recover unpaid claims under its own policy with the defendant. *See, e.g., Barton v. Allstate Ins. Co.*, 729 F. Supp. 56, 57 (W.D. Tex. 1990).

A direct action is a case in which "a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer without joining the insured and without having first obtained a judgment against the insured." *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 724 (5th Cir. 1974) (citing *Vines v. U.S. Fid. & Guar. Co.*, 267 F. Supp. 436, 438 (E.D. Tenn. 1967)). *See also*, *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988). Numerous courts reviewing § 1332(c)(1) and its legislative history have held that an action by an insured against *his own* insurer is not a direct action. *See, e.g.*, *Guerrero v. State Farm Mut. Auto Ins. Co.*, No. 98-50683, 1999 WL 346977, at *1 n.1 (5th Cir. May 20, 1999); *Blankenship v. Sentry Ins. Co*., No. CIV. A H-95-936, 1995 WL 861099, at *1 (S.D. Tex. Jun. 1, 1995). Thus, diversity jurisdiction exists under 28 U.S.C. § 1332(c)(1) when an insured brings a suit based on its own insurer's failure to settle within policy limits or in good faith. *Blankenship*, 1995 WL 861099, at *1.

Moreover, Texas law does not allow direct actions against third-party liability insurers to which the direct action provision of 28 U.S.C. § 1332(c)(1) could apply. *Ohio Cas. Ins. Co. v. Time Warner Entm't, L.P.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied) (in Texas, a "tort claimant has no direct cause of action against the tortfeasor's liability insurer until the insured-tortfeasor is adjudged liable to the tort claimant" (internal citation and quotation omitted)).

The plaintiff is not bringing suit against a third-party liability insurer. Rather, the plaintiff's suit is an action by an insured against its own insurance company. Thus, this suit is not a direct action under the meaning of 28 U.S.C. § 1332(c)(1). Consequently, the defendant is solely an Ohio citizen for the purposes of diversity jurisdiction. The Court thus holds that the complete diversity requirement of federal jurisdiction is satisfied.

## VI. CONCLUSION

In light of the foregoing, the Court determines that complete diversity of citizenship between the parties exists. Accordingly, the plaintiff's motion to remand is **DENIED.**

IT IS SO **ORDERED.**

SIGNED at Houston, Texas this 4th day of November, 2010.

_____
Kenneth M. Hoyt
United States District Judge